THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Oakey Bowyer, Christopher Velez**, and **Carlos Torres**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Diversified Contractors Inc.**, an Ohio Corporation, **George Rumack**, an individual, and **Eric Lilly**, an individual,<br><br>Defendants. | No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |

Plaintiffs, Oakey Bowyer ("Plaintiff Bowyer"), **Christopher Velez** ("Plaintiff Velez"), and **Carlos Torres** ("Plaintiff Torres") (collectively "Plaintiffs"), individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former Construction Repair Technicians[1] of Defendants Diversified Contractors Inc., George Rumak, and Eric Lilly ("Defendants") who were compensated

---

[1] For the purposes of this Complaint, "Construction Repair Technician" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of the Plaintiffs and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

at a straight-time hourly rate for all hours worked, regardless of whether those hours exceeded 40 in any given workweek.

2.     Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.     Plaintiffs bring a collective action under the FLSA to recover the unpaid overtime owed to them individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4.     The Collective Members are all current and former Construction Repair Technicians who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

7.     Defendants engaged in the regular policy and practice of misclassifying their Construction Repair Technicians as independent contractors rather than employees. Specifically, Defendants subjected Plaintiffs and the Collective Members to their policy and practice of misclassifying their carpenters, who were employees, as independent

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

contractors and then failing and/or refusing to pay them overtime for time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8.      Therefore, Defendants did not pay Plaintiffs or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

9.      Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this action arises under the Constitution and laws of the United States.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

13.     At all times material to the matters alleged in this Complaint, Plaintiff Bowyer was an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

14.     At all material times, Plaintiff Bowyer was a full-time, non-exempt employee of Defendants from approximately March 1, 2015 through the April 30, 2016.

15.     Throughout Plaintiff Bowyer's entire employment, he was paid approximately $15.00 per hour.

16.     At all times material to the matters alleged in this Complaint, Plaintiff Velez was an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

17.     At all material times, Plaintiff Velez was a full-time, non-exempt employee of Defendants from approximately November 1, 2012 through approximately March 31, 2016.

18.     Throughout Plaintiff Torres' entire employment, he was paid approximately $15.00 per hour.

19.     At all times material to the matters alleged in this Complaint, Plaintiff Torres was an individual residing in Lorain County, Ohio, and is a former employee of Defendants.

20.     At all material times, Plaintiff Torres was a full-time, non-exempt employee of Defendants from approximately February 1, 2015 through approximately October 31, 2015.

21.     Throughout Plaintiff Torres' entire employment, he was paid approximately $15.00 per hour.

22.     At all material times, Plaintiffs were employed by Defendants but classified and paid as independent contractors. Defendants employed Plaintiffs to perform various

construction and remodeling-related duties, which generally consisted of, but was not limited to, building and repair; new construction and/or remodeling of single-family homes; installation of roofing, siding, and framing; setting windows and doors; trim work; painting; electrical work; and other similar construction and remodeling-related work that Defendants required them to do.

23.     At all material times, Plaintiffs were employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and were non-exempt employees under 29 U.S.C. § 213(a)(1).

24.     Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

25.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former Construction Repair Technicians of Defendants, including but not limited to Construction Repair Technicians who agree in writing to join this action seeking recovery under the FLSA.

26.     Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, Construction Repair Technicians who were not paid overtime for time worked in excess of 40 hours in any given workweek and whose wages, therefore, were non-compliant with the FLSA.

27.    Defendant Diversified Contractors Inc. is an Ohio corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

28.    At all relevant times, Defendant Diversified Contractors Inc. owned and operated as Diversified Contractors Inc., a general construction and remodel company in Lorain, Lorain County, Ohio.

29.    Defendant George Rumack is has caused events to take place giving rise to the claims in this Complaint. George Rumack is an owner of Diversified Contractors Inc. and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

30.    Under the FLSA, Defendant George Rumack is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. George Rumack is an owner of Diversified Contractors Inc.

31.    At all relevant times throughout Plaintiffs' and the Collective Members' employment, George Rumack had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Diversified Contractors Inc. As persons who acted in the interest of Diversified Contractors Inc. in relation to the company's employees, George Rumack is subject to individual liability under the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

32.     Defendant Eric Lilly is has caused events to take place giving rise to the claims in this Complaint. Eric Lilly is an owner of Diversified Contractors Inc. and was at all relevant times Plaintiffs' and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

33.     Under the FLSA, Defendant Eric Lilly is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Eric Lilly is an owner of Diversified Contractors Inc.

34.     At all relevant times throughout Plaintiffs' and the Collective Members' employment, Eric Lilly had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with Diversified Contractors Inc. As persons who acted in the interest of Diversified Contractors Inc. in relation to the company's employees, Eric Lilly is subject to individual liability under the FLSA.

35.     Plaintiffs are further informed, believe, and therefore allege that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

36.     Defendants, and each of them, are sued in both their individual and corporate capacities.

37.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Collective Members.

38.     At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

39.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

40.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

41.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

42.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

43.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

44.     At all relevant times, all Defendants were joint employers of Plaintiffs and the Collective Members. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiffs and the Collective Members.

**FACTUAL ALLEGATIONS**

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

45. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

46. Defendants own and/or operate as Diversified Contractors Inc., an enterprise located in Cuyahoga County, Ohio.

47. Diversified Contractors Inc. is an enterprise that is a self-described "full service refurbishment" company whose primary marketplace offering is construction services, including "top to bottom, roof to basement, siding, trim and cabinets."

48. On approximately March 1, 2015, Plaintiff Bowyer began employment with Defendants as a Construction Repair Technician, performing various repetitive tasks such as building and repair; new construction and/or remodeling of single-family homes; installation of roofing, siding, and framing; setting windows and doors; trim work; painting; electrical work; and other similar construction and remodeling-related work.

49. On approximately November 1, 2012, Plaintiff Velez began employment with Defendants as a Construction Repair Technician, performing various repetitive tasks such as building and repair; new construction and/or remodeling of single-family homes; installation of roofing, siding, and framing; setting windows and doors; trim work; painting; electrical work; and other similar construction and remodeling-related work.

50. On approximately February 1, 2015, Plaintiff Torres began employment with Defendants as a Construction Repair Technician, performing various repetitive tasks such as building and repair; new construction and/or remodeling of single-family homes; installation of roofing, siding, and framing; setting windows and doors; trim work; painting; electrical work; and other similar construction and remodeling-related work.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

51.     Rather than classify their Construction Repair Technicians as employees, Defendants classified them as independent contractors.

52.     Defendants misclassified all of their Construction Repair Technicians, including Plaintiffs and the Collective Members, as independent contractors.

53.     Despite Defendants having misclassified all of their Construction Repair Technicians, including Plaintiffs and the Collective Members, as independent contractors, Plaintiffs and the Collective Members were actually employees, as defined by the FLSA, 29 U.S.C. § 201 et seq.

54.     All of Defendants' Construction Repair Technicians, including Plaintiffs and the Collective Members, in their work for Defendants, used Defendants' equipment and wore company uniforms.

55.     Defendants controlled their Construction Repair Technicians schedules, including those of Plaintiffs and the Collective Members.

56.     At all relevant times, Plaintiffs and the Collective Members were economically dependent on Defendants.

57.     The following further demonstrate that their Construction Repair Technicians, including Plaintiffs and the Collective Members, were employees:

        a.      Defendants had the exclusive right to hire and fire their Construction Repair Technicians, including Plaintiffs and the Collective Members;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

b.     Defendants made the decision not to pay overtime to their Construction Repair Technicians, including Plaintiffs and the Collective Members;

c.     Defendants supervised their Construction Repair Technicians, including Plaintiffs and the Collective Members, and subjected them to Defendants' rules;

d.     Defendants' Construction Repair Technicians, including Plaintiffs and the Collective Members, had no financial investment with Defendants' business;

e.     Defendants' Construction Repair Technicians, including Plaintiffs and the Collective Members, had no opportunity for profit or loss in the business;

f.     The services rendered by Defendants' Construction Repair Technicians, including Plaintiffs and the Collective Members, in their work for Defendants was integral to Defendants' business;

g.     Defendants' Construction Repair Technicians, including Plaintiffs and the Collective Members, were hired as permanent employees, working for Defendants for continuous unspecified amounts of time.

58.     At all relevant times, Defendants did not pay Plaintiffs or the Collective Members one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

59.     Defendants classified their Construction Repair Technicians, including Plaintiffs and the Collective Members, as independent contractors to avoid Defendants' obligation to pay their Construction Repair Technicians, including Plaintiffs and the Collective Members, one and one half time their regular rates of pay for all hours worked in excess of 40 hours per week.

60.     Plaintiffs and the Collective Members were non-exempt employees.

61.     From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff for any of their overtime hours. During this time, Plaintiffs and the Collective Members worked approximately sixty (60) hours per week.

62.     Plaintiffs and the Collective Members were generally paid on an hourly basis.

63.     Plaintiffs and the Collective Members were not managers. Plaintiffs and the Collective Members did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Defendants' employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

64.     Plaintiffs' and the Collective Members' primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

65.     From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

66.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

67.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

68.     Therefore, in a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members were subject to Defendants' policy and practice of not paying one and one half times Plaintiffs' and the Collective Members' regular rates of pay.

69.     In a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked more than 40 hours but were not paid the applicable one and one half times Plaintiffs' and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

70.     Plaintiffs believe and therefore claim that Defendants subjected each and every Construction Repair Technician that they employed, including Plaintiffs and the

Collective Members, to its policy and specific course of not paying one and one half times Plaintiffs' and the Collective Members' regular rates of pay.

71.     Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

72.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

73.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and Collective Members' work and wages at all relevant times.

74.     Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

75.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

76.     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former Construction Repair Technicians of Defendants.

77.     At all times material, Defendants paid Plaintiffs and the Collective Members at a fixed hourly rate of less than the full.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

78.     Defendants subjected all of their Construction Repair Technicians, including Plaintiffs and the Collective Members, to their policy and practice of misclassifying their Construction Repair Technicians, who were actually employees, as independent contractors.

79.     Defendants subjected all of their Construction Repair Technicians, including Plaintiffs and the Collective Members, to their policy and practice of not paying their Construction Repair Technicians one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

80.     At all times material, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiffs and the Collective Members to their policy and practice of not paying their Construction Repair Technicians one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

81.     Plaintiffs' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

82.    Plaintiffs and the Collective Members were each compensated on an hourly basis for the duration of their employment with Defendants.

83.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

84.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiffs or the Collective Members.

85.    While Plaintiffs and Defendants have described Plaintiffs' and the Collective Members' job titles as Construction Repair Technicians, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

86.    All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

87.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

88.    As such, Plaintiffs bring their FLSA overtime wage claim as a collective action on behalf of the following class:

**The FLSA Collective Members are all of Defendants' current and former Construction Repair Technicians who were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek, starting <u>three years before this lawsuit was filed up to the present.</u>**

89.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

90.     Defendants are aware or should have been aware that federal law prohibited them from not paying their Construction Repair Technicians–namely, Plaintiffs and the Collective Members–an overtime premium wage for time spent working in excess of 40 hours per given workweek.

91.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

92.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

93.     Upon information and belief, the individuals similarly situated to Plaintiffs include more than thirty (30) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

94.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## DAMAGES

95.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

96.     Plaintiffs and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one and one half times their regular rates of pay.

97.     Plaintiffs and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

98.     Plaintiffs and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## ILLEGAL TIP POOL AND TIP RETENTION

99.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

100.    At all relevant times, Defendants engaged in the regular policy and practice of classifying their Construction Repair Technicians, including Plaintiffs and the

-18-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

Collective Members, as independent contractors when they were in reality employees as defined by the FLSA.

101.	At all relevant times, Defendants did not pay Plaintiffs or the Collective Members one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

102.	Defendants classified their Construction Repair Technicians, including Plaintiffs and the Collective Members, as independent contractors to avoid Defendants' obligation to pay their Construction Repair Technicians, including Plaintiffs and the Collective Members, one and one half time their regular rates of pay for all hours worked in excess of 40 hours per week.

103.	Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

104.	As such, unpaid overtime wages for such time Plaintiffs and the Collective Members worked in excess of 40 hours per given workweek is owed to Plaintiffs and the Collective Members for the entire time they were employed by Defendants.

105.	Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

106. Plaintiffs and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiffs, Oakey Bowyer, Christopher Velez, and Carlos Torres, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.    For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiffs and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.   For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.   For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.   Such other relief as this Court deems just and proper.

<u>**REQUEST FOR COLLECTIVE ACTION CERTIFICATION**</u>

As to Count I of this Complaint, Plaintiffs requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

RESPECTFULLY SUBMITTED this 9th day of February, 2017.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs*