UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

OAKEY BOWYER et. al., : CASE NO. 1:17-cv-266
:
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. 25]
DIVERSIFIED CONTRACTORS, INC., :
et. al., :
:
Defendant. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

The parties in this Fair Labor Standards Act litigation jointly propose a protective order to limit public disclosure of information they designate as confidential.[1]

Granting a protective order motion is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' which values public access to court proceedings."[2] Unwarranted restriction of court documents hampers the public's ability to act as an important check on judicial integrity.[3] Thus, courts in the Sixth Circuit approach protective order motions with a presumption in favor of public access to judicial records.[4]

Moreover, the fact that all parties jointly seek a protective order does not overcome this presumption.[5]

---

[1] Doc. 25.
[2] *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (citation omitted).
[3] *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1179 (6th Cir. 1983); *see also Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1570 (11th Cir. 1985) (observing that "trials are public proceedings" and that access to court records preserves "the rights of the public, an absent third party").
[4] *See, e.g.*, *In re Perrigo Co.*, 128 F.3d 430, 447 (6th Cir. 1997).
[5] *See Proctor & Gamble Co.*, 78 F.3d at 227 (warning district courts against "abdicat[ing their] responsibility to oversee the discovery process and to determine whether filings should be made available to the public" and against "turn[ing] this function over to the parties," which would be "a violation not only of Rule 26(c) but of the principles so painstakingly discussed in *Brown & Williamson*").

Case No. 1:17-cv-266
Gwin, J.

Movants for a protective order must show substantial personal or financial harm before the Court will seal any documents.[6] Here, the parties fail to meet that standard.

The proposed stipulated protective order is overbroad, unspecific, and not accompanied by a motion. The parties have asked the Court for blanket authority to designate documents as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."[7] The proposed order would allow overbroad discretion, limited only by a promise to "mak[e] a good faith determination that the documents contain information protected from disclosure."[8] The proposed order also fails to identify the specific information the parties seek to protect or show how public disclosure of wage and hour information would unfairly impact Defendant's competitive position.

The parties are, of course, free to privately contract to limit disclosure of documents and information. Additionally, any party or non-party may move to seal individual documents—provided that they make the requisite particularized showing.

The Court thus **DENIES** the parties' proposed protective order.

IT IS SO ORDERED.

Dated: June 23, 2017.        s/    James S. Gwin
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[6] *See, e.g.*, *Brown & Williamson*, 710 F.2d at 1179–80; *Sollitt v. KeyCorp*, 2009 WL 485031, at *2 (N.D. Ohio Feb. 26, 2009).
[7] Doc. 25 ¶ 2.
[8] *Id.* at ¶ 3.